**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGEL ESTRADA-CORONA, | No. 12-72636 |
| Petitioner, | Agency No. A088-170-973 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 10, 2014
Pasadena, California

Before: KOZINSKI, Chief Judge, CLIFTON, Circuit Judge, and RAKOFF, Senior District Judge.[**]

The BIA cannot engage in de novo review of an immigration judge's factual findings and must instead review them only for clear error. 8 C.F.R. § 1003.1(d)(3)(i). Whether an alien, if removed, is more likely than not to be

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

tortured by or with the acquiescence of public officials is a mixed question of law and fact, but the BIA's review of the factual portions of that question remains subject to the clear error standard. *See Ridore v. Holder*, 696 F.3d 907, 915–16 (9th Cir. 2012).

Here, the BIA disagreed with the IJ's findings regarding the purely factual question of what is likely to occur to Angel Estrada-Corona if removed to Mexico and overturned these findings without holding them to be clearly erroneous. *See id.* The government's claim that the BIA did not reject the IJ's factual findings, but rather concluded that Estrada-Corona had failed to prove every link in a hypothetical chain of events necessary to find a probability of torture, is without merit because the BIA identifies links that are not properly part of such a chain. Estrada-Corona testified as to specific threats he had received and as to having already been kidnaped once. His testimony was deemed credible. That, for example, he was suspected to have turned information over to law enforcement was not implausible or proven to be untrue. Further, the IJ found it to be true, and the BIA never held that finding to be clearly erroneous. That Estrada-Corona might not have proven how anyone came to believe that he had informed is irrelevant if the BIA was, as the government claims, accepting the IJ's factual findings. What matters is whether Estrada-Corona was at risk, not how he came to be at risk.

2

Moreover, the BIA's decision was itself erroneous in faulting Estrada-Corona for not having shown the basis of his family members' alleged assumption that he took over the drug cartel after his cousin's death. That was not Estrada-Corona's contention. Instead, he argued that he was at risk from (1) members of his family's cartel, who might have perceived him as an informant; and (2) members of a rival cartel, who might have believed that he had taken over his family's cartel. The BIA's observation did not pertain to his actual claims.

In addition, the BIA disagreed with the IJ's findings regarding the mixed question of whether the torture Estrada-Corona is likely to be subjected to in Mexico would take place with the acquiescence of public officials. The record contains ample factual support for the proposition that Estrada-Corona's likely torturers are wealthy and can buy off the police. The IJ's factual determinations were therefore not clearly erroneous. As a legal matter, "an applicant for CAT relief need not show that the entire foreign government would consent to or acquiesce in his torture. He need show only that 'a public official' would so acquiesce." *Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013) (quoting 8 C.F.R. § 208.18(a)(1)). Because police officers are public officials, the BIA's conclusion in this regard was also legal error.

**PETITION GRANTED; REMANDED.**